UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

MILDRED THOMAS,

      Plaintiff,                          DEMAND FOR JURY TRIAL

-vs-                                      Case No.
                                          Hon.

LEIKIN, INGBER & WINTERS, PC,

      Defendant.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit resides in Southfield, Michigan in Oakland County.

5. Leikin, Ingber & Winters, PC, ("LI&WPC") is a corporation doing business in Southfield, Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Southfield Michigan, in Oakland County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. On or about January 18, 2012, LI&WPC filed a collection lawsuit in the State of Michigan 36th District Court, Case No. 12101395 ("collection lawsuit.")

9. Mrs. Thomas was served with the collection lawsuit on or about January 19, 2012.

10. Mrs. Thomas hired counsel and through counsel, answered the complaint on February 8, 2012; counsel filed an appearance, an answer to the complaint and affirmative defenses, serving LI&WPC with all of these pleadings.

11. LI&WPC had actual notice that Mrs. Thomas timely answered the collection lawsuit and was not in default.

12. In addition, LI&WPC had actual notice that Mrs. Thomas was represented by counsel

13. On or about February 17, 2012, after LI&WPC had actual notice that Mrs. Thomas had answered the complaint, presented meritorious defenses and was represented by counsel, LI&WPC drafted a default request, affidavit, entry and judgment (sum certain) ("false request for judgment.")

14. In the false request for judgment, LI&WPC represented to the 36th District Court that Mrs. Thomas had failed to appear; this was a false statement to the Court.

15. In the false request for judgment, LI&WPC represented to the 36th District Court that its attorney had personal knowledge that Mrs. Thomas failed to appear.

16. In the false request for judgment, LI&WPC failed to include the name and address of Mrs. Thomas' attorney, even though LI&WPC had actual notice that Mrs. Thomas was represented by counsel.

17. In the false request for judgment, LI&WPC represented to the 36th District Court that the record address for Mrs. Thomas was her home address in Southfield instead of counsel of record's address.

18. On or about February 18, 2012, LI&WPC presented the false request for judgment to the 36th District Court.

19. On March 2, 2012, the 36th District Court, relying on the false representations of LI&WPC, entered judgment against Mrs. Thomas and mailed the judgment directly to Mrs. Thomas at her home address.

20. Mrs. Thomas, upon receipt of a judgment against her, experienced a severe emotional reaction which including feelings of aggravation, frustration, panic, despair, and fear, as she had retained an attorney to represent her and it appeared that her counsel had not filed any response or allowed a judgment to taken against her.

### COUNT I – Fair Debt Collection Practices Act (LI&WPC)

21. Mrs. Thomas incorporates the preceding allegations by reference.

22. At all relevant times LI&WPC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. LI&WPC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. LI&WPC 's foregoing acts in attempting to collect this alleged debt against Mrs. Thomas constitute violations of the FDCPA.

25. Mrs. Thomas has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (LI&WPC)

26. Mrs. Thomas incorporates the preceding allegations by reference.

27. LI&WPC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

28. Mrs. Thomas is a debtor as that term is defined in M.C.L. § 339.901(f).

29. LI&WPC 's foregoing acts in attempting to collect this alleged debt against Mrs. Thomas constitute violations of the Occupational Code.

30. Mrs. Thomas has suffered damages as a result of these violations of the Michigan Occupational Code.

### Demand for Jury Trial

31. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Mrs. Thomas requests that the Court:*

*a.   Assume jurisdiction over all claims;.*

*b.   Award actual damages.*

*c.   Award statutory damages.*

*d.   Award punitive damages.*

  e. *Award statutory costs and attorney fees.*

          Respectfully Submitted,

          ADAM G. TAUB & ASSOCIATES
          CONSUMER LAW GROUP, PLC

          By: <u>s/ Adam G. Taub</u>
             Adam G. Taub (P48703)
             Attorney for Mildred Thomas
             17200 West 10 Mile Rd. Suite 200
             Southfield, MI 48075
             Phone: (248) 746-3790
             Email: adamgtaub@clgplc.net

Dated: March 13, 2012